THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HAROLD D. CALDWELL, Defendant-Appellant.

(Nos. 54982, 54983 cons.;

First District—November 1, 1972.

*Rehearing denied November 29, 1972.*

486

Louis M. March, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago, (James B. Zagel, Assistant Attorney General, of counsel,) for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Harold D. Caldwell, was charged in two complaints with violating a certain section of the Illinois Charitable Solicitation Act. (Ill. Rev. Stat., ch. 23, sec. 5111.) Following a bench trial in the Circuit Court of Cook County, Mr. Caldwell was found guilty on both complaints. The trial court sentenced him to pay a fine of $500.00 upon each complaint and to serve six months in jail upon each complaint, the sentences to run concurrently.

The issues presented for review are: (1) whether the trial court erred in failing to determine the constitutionality of section 11 of the Illinois Charitable Solicitation Act; (2) whether the trial court erred in allowing the defendant's trial to commence in light of the fact the defendant was not served with copies of the complaint until trial; (3) whether the trial court erred in refusing to allow the defendant additional time to prepare a defense following the amendment of the complaints filed against the defendant to include the word "wilfully"; and (4) whether the defendant

was proven guilty beyond a reasonable doubt of wilfully violating section 11 of the Illinois Charitable Solicitation Act.

On January 27, 1969, the defendant, Harold D. Caldwell, was named in a complaint charging him with violation of section 11 of the Illinois Charitable Solicitation Act. (Ill. Rev. Stat., Ch. 23, sec. 5111.) Subsequently, on June 2, 1969, the defendant was named in a second complaint which also charged him with violation of the Act. Both complaints stemmed from the defendant's participation as an organizer of a charity art auction to be held on January 26, 1969. More specifically, the first complaint charged the defendant with using the name of Mrs. Jerry Rohrer in connection with the art auction without first obtaining Mrs. Rohrer's written consent as required by section 11 of the Illinois Charitable Solicitation Act. In both the brochures and the programs which advertised the art auction, Mrs. Rohrer was named as one of the persons who was helping to bring the art auction about. Similarly, the second complaint charged the defendant with using the name of Mr. William Balkin without his written consent. Both complaints were subsequently consolidated for trial with similar complaints which had been filed against one of the other organizers of the art auction, Mrs. Donna Skinner.

On January 5, 1970, the trial of the defendant on both complaints was commenced in the Circuit Court of Cook County. At a bench trial, both complainants testified neither had ever consented to having their name used in any capacity in furthering the art auction, even though both their names appeared in the brochures and programs of the auction. The defendant also testified he had never obtained consent of either complainant. The trial court found the defendant guilty on both complaints. Thereafter, the defendant was ordered to pay a fine of $500.00 and was also sentenced to six months in jail on each complaint, such sentences to run concurrently. It is from these findings in the Circuit Court that the defendant appeals.

The first issue presented for review is whether the trial court erred in failing to determine whether section 11 of the Illinois Charitable Solicitation Act (Ill. Rev. Stat., ch. 23, sec. 5111), was unconstitutional as violative of not only the defendant's right to due process of law, but also certain other rights reserved to the individual by both the Constitution of the United States and the Illinois Constitution.

The defendant contends section 11 of the Illinois Charitable Solicitation Act violated his right to due process of law. The defendant bases this contention on his assertion that the Act is so vague an ordinary person cannot read the provisions of the Act, section 11 in particular, and determine whether his fund-raising activity is governed by the Act.

▄▐  We cannot accept this contention as valid. Section 11 of the Illinois Charitable Solicitation Act reads, in pertinent part, as follows:

"§ 11. (a) No person shall for the purpose of soliciting contributions from persons in this State, use the name of any other person, except that of an officer, director or trustee of the charitable organization by or for which contributions are solicited without the written consent of such other persons.

(b) A person shall be deemed to have used the name of another person for the purpose of soliciting contributions if such latter person's name is listed on any stationery, advertisement, brochure or correspondence in or by which a contribution is solicited by or on behalf of a charitable organization or his name is listed or referred to in connection with a request for a contribution as one who has contributed to, sponsored or endorsed the charitable organization or its activities."

In light of the clarity of the language of section 11, as well as its obvious legislative purpose of protecting persons from having their names misused in connection with fund raising for legitimate or illegitimate charities, we necessarily find the defendant's contention that the application of section 11 violates his right to due process of law as erroneous.

The defendant also contends section 11 of the Illinois Charitable Solicitation Act is unconstitutional because it denies him, as an individual, the right to contract with others by requiring written consent first be obtained before using another's name for solicitation of funds for a charitable purpose.

▄▐  In view of the aforementioned intent of section 11 which is quite obvious, we also reject this contention as urged by the defendant. The Illinois Charitable Solicitation Act was not enacted to deny an individual the right to contract with others but was enacted, and we reiterate, as a clear exercise of the legislature's power to protect an individual from having his name misused in connection with a legitimate or illegitimate charity.

The second issue presented for review is whether the trial court erred in allowing the trial to commence, although the defendant did not receive copies of the complaints filed against him on January 27 and June 2, 1969, respectively, until November 3, 1969. The defendant contends he was entitled to have the complaints against him within a reasonable time following the date of his arrest, and the failure of the State to have such complaints formally transmitted to him within a reasonable time was a violation of his rights under the 14th Amendment to the United States Constitution.

▄▐  The record is most clear that the defendant's attorney was in pos-

session of copies of the complaints filed against the defendant. The record further reflects the defendant was not personally served with copies of the complaints until November 3, 1969. This, however, was because numerous continuances, which the trial court had granted the defendant, delayed the arraignment at which he was formally served with copies of the complaint. We find that defendant's contention that his constitutional rights assured him by the 14th Amendment were violated is without any basis in fact and totally without merit.

The third issue presented for review is whether the trial court erred in refusing to allow the defendant additional time to prepare a defense following the court's granting leave to the State to amend the complaints against the defendant on their face through the insertion of the word "wilfully". The defendant contends such action by the trial court is error in that the insertion of the word "wilfully" on the faces of the complaints necessitated granting the defendant additional time to prepare his defense. The defendant bases this argument on the assertion that the addition of the word "wilfully" materially altered the charges against him, and failure of the trial court to allow the defendant additional time to prepare a defense to those materially altered complaints jeopardized his right to equal protection of the law as guaranteed him by the Constitution of the United States.

■■ The record reflects the trial court allowed the complaints against the defendant to be amended on November 24, 1969. Whether such amendment was material does not arise because the record further reflects the defendant had more than adequate time to prepare the defense for his trial, which did not commence until January 5, 1970. We therefore reject the defendant's contention that his constitutional right to equal protection of the law was violated by the trial court's refusal to grant him additional time to prepare his defense.

■■ The final issue urged by the defendant is whether the defendant was proven guilty beyond a reasonable doubt of violating section 11 of the Illinois Charitable Solicitation Act. The defendant bases this contention of his assertion that the evidence against him was insufficient to support a conviction. In support of his contention, the defendant argues the State did not prove he furnished the names of the complainants purportedly used without having gained their written approval in promoting the art auction. The defendant further argues the State proved no violation of section 11 of the Illinois Charitable Solicitation Act because the art auction was never held.

It is uncontroverted the defendant, on cross-examination, admitted not having obtained written consent from either of the complainants prior to using their names in connection with the proposed art auction.

Furthermore, the record reflects the defendant admittedly took part in preparing the materials which were distributed to the press prior to the proposed art auction. These materials contained the names of both complainants. We find these facts sufficient to support the finding of the trial court that the defendant was guilty beyond a reasonable doubt of violating section 11 of the Illinois Charitable Solicitation Act.

For the reasons stated herein, the judgments of the Circuit Court of Cook County are affirmed.

Judgments affirmed.

BURMAN and ADESKO, JJ., concur.